v. Airdy v. New York City, case number 25-54. Good morning. May it please the court, my name is Rory Bellantoni. I represent the plaintiff and the student in this case. There's an issue I'd like to focus on. There's a lot of issues in the briefs. But I think one of the most important in this case is the FOFD from I.H.O. Warman, the 2017-18 year, which was issued in March of 2018. The 2018-19 school year is an issue here. I.H.O. Warman changed the student's multiple disability classification back to TBI and ordered the district to recommend a 6-1-1 class in a non-public school. After that happened, the district did not, they at some point in May met again to have a conference, but they never reconvened to discuss I.H.O. Warman's order or the effect of it. One of the issues in this case is that the I.H.O. found it was a denial of faith because the city didn't recommend a nurse on the transportation. But I.H.O. Warman's decision, the one that recognized IHOPE as a placement, that placement had a travel nurse. That placement had a one-to-one nurse. So when the DOE developed this IEP for the 18-19 school year, it in essence was changing the student's status quo. The student's program included a nurse, transportation, and a travel nurse. So as I understand it, but you can always correct me if you think I'm wrong, the issue was that the SRO and thereafter, there was a determination that the issue relating to the travel nurse as opposed to a travel paraprofessional had been forfeited because it was not adequately set out in the due process, in the complaint. And it was set out maybe in the pendency portion, which I think you're mentioning right now, but not in that portion of a very short complaint that set out the disputed issues. So maybe focus on that. Do I have that right? You're absolutely 100 percent correct. But the idea that a pleading or this waiver issue, waiver, different words are used, shouldn't be applied mechanically, I think this is one of those cases. Pendency is just a stay-put program, but it's no different necessarily than a program that the student's asking for. The DOE knows that the student needs a travel nurse. The student's always had a travel nurse. Now, it makes things different in New York. And I always have difficulty with this. Because the DOE has the burden on prong one, yes, there are things we have to absolutely plead or they don't have notice of. But a travel nurse is one of those things they have notice of. And whether it's an aide or a para, I don't think we said para in the DPC. I think at the end it said aide. So that's ambiguous. But we did say that the student needed a nurse for travel. Flexible pickup. I'm just reading. Flexible pickup drop-off schedule and a nurse. Is that, then that means a travel nurse? Well, it's transportation with a nurse. Yeah, that's. I had it in a minute. Well, I'm just. Special transportation. It says and a nurse, not with a nurse. Well, special transportation accommodations, which includes limited travel time, wheelchair accessible vehicle, AC, flexible pickup drop-off schedule, and a nurse. And then it says as well as a private duty one-to-one nurse during the school day. So that's a separate nurse. Given the DOE has the burden to show up at the hearing and prove they provided a fate, this student needs a nurse because there are medical procedures that may be done or have to be done during the day that a para can't do, that an aide can't do, a licensed nurse needs to do them. This isn't the city's first. This isn't the first year the city's exposed to this child. The city knows this. So if this student was in a private school and the bus comes on day one and there's no nurse on that bus, this student isn't going to school. Excuse me, Mr. Valentoni. I want to be sure I understand your argument. So there had been a nurse. Now you get the new plan and it doesn't provide for a nurse. You're saying that even though your clients did not object to that, that what, the forfeiture is excused? The waiver shouldn't be applied. It's not a mechanical application. Why shouldn't we assume that the reason you get the proposal is so that you do have the opportunity to tell the government where it's defective and this was not cited as defective? I mean, we are not the doctors or the educational professionals, but it's not inconceivable that a child that needed a particular accommodation at one point might no longer need it. Now, to the extent that the parents felt, no, the child needs a nurse when it travels, why shouldn't they have had to have said so? Well, again, it's mentioned above dependency and, yes, it should have been included. I mean, we all know that at this point. I'm not saying it shouldn't have. However, the notice requirement is just that, is to put the district on notice. The mentioning the nurse up top, the discussions throughout the proceedings, but even before that, when the IEP was being developed, it wasn't as if it was developed before I.H.O. Warman issued his decision. There was another meeting, help me with my math, two months after March and April, and that program included a travel nurse. They finalized an IEP without a travel nurse. They have an aide or a para on that bus. So is the theory of this argument that even though it was a dependency request portion of the due process complaint and not in the disputed issues part, who in their right mind would give up a travel nurse? Is that the theory? As a matter of fair notice, is that the theory? It's not so much give up as this student needs the nurse because of a feeding tube, other medical procedures that are done throughout the day. There was testimony to that effect. Well, but the needs of the nurse should be, as you point out, should have been in the disputed issues part. It should have been in the DPC, in the due process complaint. I agree 100 percent. But, again, if it's not a mechanical rule, if it's an absolute rule, then it's an absolute rule. But not including something, it's in the document. The district knows the student's status quo is with the travel nurse, 6-1-1 program, and their recommendation is changing the status quo. So you're relying on, I think, largely on CF, right, that piece? And I think that in that case, the issue that gave rise to this holding that it's not a mechanical rule was the disputed issue. What's in the disputed issue? And it was how do we, you know, should we read what's in the disputed issues part of the complaint broadly, liberally, and so on, right? I am not aware of a case, and maybe this is too mechanical, but I am not aware of a case in which an issue is raised in dependency part, which is just, as I understand it, I'm no expert, but it just says freeze this for now while we resolve next steps. I am not aware of or applying this mechanical rule language to a pendency request. In other words, if it's not in disputed issues at all, then you forfeit it. Is there a case that says we can look at the pendency request and view that as folded into a disputed issue that's been preserved within the due process complaint? I don't know of one yet. I don't.  But again, going back to, if I may, the idea that the status quo placement is the student or the nurse on the van. When they propose the IEP for the next year, they're aware, they're paying for that placement. They paid for that nurse on the van at IHO. They know the student needs that nurse, and now their proposal is a change in that status quo, and they don't justify at the proceeding why they're taking that nurse away. And that may not be an issue in most states, but in a state where the DOE has to prove it provided a fate in the first instance, I submit there has to be something more to that proof than everything in a DPC. I'm not saying broad, but they have to walk in and at least say, here's an IEP. It's an appropriate IEP. It has a nurse that the student needs. It meets the student's medical needs. Okay. So, we, you've reserved some time for rebuttal. Yes, thank you, Judge. Thank you. We'll hear from your friend on the other side. Good morning, Your Honors, and may it please the Court. I'm Alan Verasenis representing the city FLEs. As my friend, Mr. Bellantoni, says, this case has a lot of issues, and as to most of the issues other than the transportation nurse issue, this is a very straightforward case where the district court properly deferred to the well-reasoned SRO decision that was based on the SRO's educational expertise. As to the nurse issue, I mean, Mr. Bellantoni himself says it should have been in the DPC, or more precisely, which I think he's saying it should have been in the disputed issues section, not in the penancy section. Penancy is just about preserving the status quo, Your Honors. It's not about the basis that FAPE was allegedly denied, according to the parent. The parent is supposed to put in the disputed issues section, which is the part where it's saying FAPE was denied for these reasons, everything that they're claiming and that they're going to argue at the hearing. And there's no dispute. They just didn't do that here. In fact, if you look at the proposed resolution section on the next page, after the disputed issues header, which is page 54 of the administrative record. It goes to aid again, yeah. Yeah. It talks about transportation costs, including a one-to-one travel aid. So it actually doesn't say nurse. It says aid. So it's really — it's a big problem, Your Honors. And if you look at page 16 of our brief, you see that this is basically a categorical exclusion, according to both Federal and State IDA regulations, which is to say they both categorically prohibit raising an issue at the hearing that was not raised in the due process complaint. And that's why this Court has consistently said this issue is very black and white. If you don't raise it in the DPC, you can't raise it at the hearing. Let me ask you. I mean, there's no question that we have a severely disabled child here, right? Yes, Your Honor. Okay. They don't raise this issue in the proper document. But what are you suggesting? That means the child can be put on a bus without a nurse if that omission would be life-threatening? Well, Your Honor, that itself is an issue of fact, is what exactly does this— So I'm saying is there no opportunity after a missed omission from the disputes to raise the fact that this is going to be— I mean, as I said, I'm not a doctor. I'm not suggesting that it is. But hypothesize it's life-threatening to put this child on a bus without a nurse. There would be no opportunity to raise that? Well, I think there are two issues, Your Honor. One is should he be put on a bus without a nurse by hypothesis, and the other is can he raise that as an issue at the hearing. And the answer to the first question may well be no, he shouldn't be. He needs a nurse, hypothetically. Although, again, the whole—but the problem is the answer to the second question, I would say, is still yes, you can't raise that at the hearing if you haven't stated it. Precisely because, for one thing, it's a factual issue. And here, as the SRO says, this is on page 23 of the administrative hearing record—  What's the parent view? Yes, Your Honor. We goofed. We goofed. But our child really needs this. How does that get addressed? I mean, the school and the government also has an interest in providing disabled children with what they genuinely need. So, how does it get addressed? Well, Your Honor, in the state regulations, there is an ability for an issue to be raised that wasn't in the due process hearing, quote, if the—actually, this is a quote as a paraphrase—if the other party agrees. So, there could be— They would have to come to you and seek your consent. Right. Would that have done at all here? I don't think so, Your Honor. I'm not aware of it, certainly. Okay. So, I mean, there is that out if the party decides it needs it. But it didn't happen here as far as I know. And, indeed, I mean, as I was beginning to say on page 23 of the administrative record, the SRO notes that it was only in the parent's closing brief that this was raised. So, this issue was first raised. So, the—I mean, it was raised in the pendency context, which is just preserving the status quo, but it wasn't raised as a basis for an alleged denial of faith. And that—again, this gets to the heart of it, Your Honors, because if it's not raised, our side cat doesn't know that it needs to present evidence on it. You know, did this child need this as a matter of life and death, as you say, Your Honor? I mean, we don't know from the record because it wasn't a developed issue. Can a paraprofessional who's trained properly administer whatever the child would need, or does it really have to be a nurse, for instance? That's a fact question. It wasn't developed here because it wasn't raised in the due process complaint. And, you know, that's why this is such a fundamental issue and why the due process complaint needs to contain everything, as my friend on the other side even today has admitted. I'm not aware of any case either where this Court has said it wasn't a due process complaint, the parties didn't agree that it could still be heard, but nevertheless we're going to allow it to be heard by the Federal District Court and by us. Look, and this is just hypothetically, if in the pendency request portion or the proposed resolution portion of the due process complaint the parents had made it clear that the child needed a nurse, a travel nurse, made the language here that appears in the record much more explicit, that he, in fact, has a travel nurse and that it's necessary. And that didn't appear in the disputed issues. I think that that would provide, but correct me if you think I'm wrong, fair notice to the DOE. If it were in the disputed issues section, Your Honor? No, no, no. If it were in the pendency request. I'm trying to figure out what is the real practical import of the fact that any reference to a nurse appears only in the pendency request portion as opposed to the disputed issues portion. But if in the pendency request it said he really needs a nurse and he has a nurse, that's why it's in the pendency request, and the child needs a nurse while traveling, that would provide fair notice. I mean, obviously, Your Honor, as you know, this is a hypothetical, so it's not what actually is here. I would still say that it does not provide fair notice, Your Honor. And the reason is that the question is, is this a basis that the parent is claiming for a fake denial or not? I mean, certain things may rise to the level of denial of fake. Certain things may not. A litigant could also strategically decide to focus on one issue rather than another. So I don't think that even that would be enough, Your Honor, because it's still not telling the district this is a reason that we're saying that fake was denied. Now, would that be a closer case? Yes, it would be. And we don't have to, you know, the court doesn't need to address that closer case. Those aren't the facts. But I would still say that falls on the line of not adequate notice. But certainly here – Your rule really is it's got to be in the disputed issues. Yes, or at least, I mean, I'm not going to say formally. Like, if you were to say earlier in the document she needs a nurse and the fact that he didn't get one was a denial of fake, I mean, and it just didn't fall into the disputed issues heading, that would – okay, that would probably be – that might well be enough. You know, I'm not going to say definitively. But you have to have some indication that this is the basis for the claim. It's not so much a question of where it appears per se in the document. It's a question of does the document indicate this is a basis for the – one of the bases for the fake claim or not. And, again, you know, not only are those not the facts, Your Honor, but on page 54, it actually says in their resolution they're asking a one-to-one travel aid. So it actually seems to affirmatively disclaim, if anything, that – and certainly it nowhere says that the basis – part of the basis for the fake claim is the transportation nurse issue, the denial of that on the IEP.  So I'm happy to address any other of the issues that are here. But, again, I think those are well briefed. Their deference is clearly appropriate. And we think that on the DPC's – the issue of the DPC's lack of reference to this – this one critical issue, that is dispositive. And we ask this Court affirm. Thank you, Your Honor. So if I may, Your Honor, if it were – or if Your Honor said to me, Mr. Bellantonio, where do you dream this stuff up, that this shouldn't be something that's excluded? It's not me. The IHO in this case, the impartial hearing officer, who was not kind to us in the rest of her decision, she found that this issue was raised. This issue was sufficiently raised. And the SRO in this case didn't apply a special knowledge about special education. I know when there's conflicting decisions, you defer to the SRO because the SRO has more specialized knowledge. But this isn't a special education issue. This is did the DOE have enough notice. And the IHO here said absolutely they do. And despite everything else that I find against the parent or the plaintiff in this case, the DOE did not provide a fate because they did not provide for this nurse. So the other thing I want to raise also is we talk about the pleadings. We talk about a one-to-one nurse throughout the school day. Okay, if we don't specifically say travel nurse and the student needs a one-to-one nurse throughout the school day, is he traveling to and from school part of the school day? I'm not saying this is how it should be played. I'm just saying when counsel says how would they know what to defend? Well, at the moment that the IEP or the CSE is convening, they're paying for the travel nurse in the 2017-18 school year because that's what IHO Warman found the student needs. So they know. And if the parent didn't put it on there, the attorneys didn't put it on there, the DOE still has an obligation to make sure that student gets the nurse. Counsel would ask how are we supposed to know. If something changed, if the student got better, then okay, then let us know. But we're not recommending a nurse this year because the student's disability went away. But with students with traumatic brain injury, they don't go away. So the DOE, again, is on notice. Not perfect, Judge, but the IHO certainly found there was enough notice to find that the DOE denied the student a fate. And I think the SRO should not have reversed the IHO because, again, it was not a matter of special education expertise. And if it wasn't that, then what was it? So it was pointed out that the proposed resolution refers to transportation costs including a one-to-one travel aid as opposed to nurse. And when I say as opposed to nurse, it's because, as you know, in the prior part of the DPC, it refers specifically to a nurse. But here the proposed resolution is aid. Your Honor, if it said paraprofessional, that's a separate category. A nurse can be an aid. Paraprofessional can be an aid. Again, I'm not saying it was planned perfectly, but an aid isn't a particular category of individual that would exclude a nurse. A paraprofessional would. But not an aid, which is what the IHO found. Okay. Thank you. Thank you very much. We will reserve decision.